United States District Court
Southern District of Texas
**ENTERED**
January 10, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN EARL SCOTT, | § | |
| TDCJ #02027299, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-21-1145 |
| | § | |
| DAVID GUTIERREZ, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Kevin Earl Scott (TDCJ #02027299) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging an adverse decision by parole officials regarding his suitability for early release from prison. At the court's request Scott has provided additional details about his Complaint in Plaintiff's Response for More Definite Statement ("Plaintiff's MDS")(Docket Entry No. 9) and Plaintiff's Supplemental Answers for More Definite Statement ("Plaintiff's Supplemental MDS") (Docket Entry No. 11). He has also filed Plaintiff's Supplemental Motion to Seal several exhibits that he provided (Docket Entry No. 14).

Because Scott is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the Complaint and dismiss the

case if it determines that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the exhibits, and the applicable law, the court concludes that this case must be dismissed for the reasons explained below.

## I. **Background**

Scott is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Oliver Bell Unit in Cleveland, Texas.[1] Court records confirm that Scott is serving an eight-year prison sentence that he received as the result of a conviction from Taylor County for assault involving family violence. See Scott v. State, No. 11-14-00131-CR, 2015 WL 4733093 (Tex. App. — Eastland Aug. 6, 2015, pet. ref'd). The indictment in that case, which Scott has provided as an exhibit, shows that the offense involved impeding the victim's ability to breathe.[2]

---

[1]See Complaint, Docket Entry No. 1, p. 5. For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the court's electronic case filing system, ECF.

[2]Indictment No. 18616B, Exhibit D to Plaintiff's Supplemental MDS, Docket Entry No. 11, p. 27. Scott has also submitted medical records belonging to the victim in support of his claim that he did not "choke" her and that his offense should not have been a felony.
(continued...)

Invoking 42 U.S.C. § 1983, Scott has filed this suit against the following officials employed by the Texas Board of Pardons and Paroles (the "Parole Board") or by TDCJ: Presiding Officer David Gutierrez; Board Member D'Wayne Jernigan; Commissioner Tracy Long; Commissioner Tony Garcia; an unknown Institutional Parole Officer at the Polunsky Unit; and an unknown Unit Parole Counselor at the Oliver Bell Unit.[3]  Scott contends that the defendants violated his rights in connection with a recent adverse decision regarding his amenability for early release from prison in the form of parole known as "discretionary mandatory supervision."[4]  According to that decision, which is dated March 4, 2021, Scott was denied release on discretionary mandatory supervision for the following reasons:

9D1   THE RECORD INDICATES THAT THE OFFENDER'S ACCRUED GOOD CONDUCT TIME IS NOT AN ACCURATE REFLECTION OF THE OFFENDER'S POTENTIAL FOR REHABILITATION.

9D2.  THE RECORD INDICATES THAT THE OFFENDER'S RELEASE WOULD ENDANGER THE PUBLIC.

2D.   THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS DISREGARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINUING THREAT TO

---

[2](...continued)
See Plaintiff's MDS, Docket Entry No. 9, p. 6 (referencing medical records found in Exhibit E to Plaintiff's Supplemental MDS, Docket Entry No. 11, pp. 28-64).  The court will grant Plaintiff's Supplemental Motion to Seal these exhibits (Docket Entry No. 14).

[3]Complaint, Docket Entry No. 1, pp. 2-3.

[4]See id. at 6-10.

PUBLIC SAFETY.[5]
As a result of this decision, Scott's next review date for supervised release was set off until February of 2022.[6]

Scott maintains that his rights were violated during his review for early release because Gutierrez failed to establish a policy that would verify the contents of "protest letters" from individuals opposing his release or that would allow inmates to challenge and correct any "erroneous or inaccurate information in their parole file."[7]   Acknowledging that he was convicted of an offense involving family violence, Scott explains that the victim is now deceased and that her parents filed letters protesting his early release on parole so that they could terminate Scott's parental rights to the victim's child.[8]   By failing to establish a policy that would verify the contents of letters opposing a prisoner's release on parole, Scott contends that "vindictive" protest letters containing inaccurate information were considered during his parole review process.[9]   Scott argues that he was denied release on parole based on inaccurate information and, therefore,

---

[5]State of Texas Board of Pardons and Paroles Notice of Parole Panel Decision, Exhibit A to Complaint, Docket Entry No. 1, p. 12.

[6]See id.

[7]Complaint, Docket Entry No. 1, p. 6.

[8]Plaintiff's MDS, Docket Entry No. 9, p. 6.

[9]Complaint, Docket Entry No. 1, p. 8.

the defendants have violated his right to due process and equal protection.[10]   Scott seeks declaratory and injunctive relief from the adverse decision that denied him early release and has resulted in his continued incarceration.[11]

## II.  Discussion

Scott's allegations, which call into question the validity of an adverse decision rendered by the Parole Board on March 4, 2021, fail to state a claim under 42 U.S.C. § 1983.  Under the rule in Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994), a civil rights plaintiff cannot obtain money damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," without first proving that the challenged conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254."  The rule in Heck applies to complaints about the fact or duration of parole.  See Littles v. Board of Pardons and Paroles Division, 68 F.3d 122, 123 (5th Cir. 1995); see also Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995).  The rule also

---

[10]Id. at 8-10.

[11]Id. at 6.

-5-

applies to claims for declaratory or injunctive relief that would
imply the invalidity of a prisoner's continued confinement. See
Clarke v. Stalder, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc).

The Supreme Court has explained that a civil rights action
pursuant to 42 U.S.C. § 1983 must yield to the more specific remedy
found in the federal habeas corpus statutes, which include
procedural and exhaustion requirements, when an inmate seeks
injunctive relief that challenges the fact or duration of his
confinement. See Nelson v. Campbell, 124 S. Ct. 2117, 2122 (2004)
(citing Preiser v. Rodriguez, 93 S. Ct. 1827, 1836 (1973)).  The
Supreme Court has emphasized that prisoners must raise their claims
in a habeas corpus proceeding if "they seek to invalidate the
duration of their confinement — either directly through an
injunction compelling speedier release or indirectly through a
judicial determination that necessarily implies the unlawfulness of
the State's custody." Wilkinson v. Dotson, 125 S. Ct. 1242, 1247
(2005) (emphasis in original).  "[A] state prisoner's § 1983 action
is barred (absent prior invalidation) — no matter the relief sought
(damages or equitable relief), no matter the target of the
prisoner's suit (state conduct leading to conviction or internal
prison proceedings) — if success in that action would necessarily
demonstrate the invalidity of confinement or its duration." Id.

Because Scott's claims necessarily seek to invalidate a
particular decision that denied him early release on parole,

calling into question the lawfulness of his continued confinement, his claims are barred from review under 42 U.S.C. § 1983 absent a showing that the adverse decision has been set aside. See McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995); Asif v. Scott, 244 F.3d 135, 2000 WL 1901547, at *1 (5th Cir. 2000) (unpublished). Court records reflect that Scott has filed a federal habeas corpus proceeding to challenge Parole Board's decision to deny him early release from prison on March 4, 2021. See Scott v. Director, TDCJ-CID, Civil No. 1:21-cv-00065-H (N.D. Tex.).[12] To date, however, there has been no ruling in that case and the Parole Board's decision has not been set aside. Because Scott's claims are not currently cognizable under 42 U.S.C. § 1983, this action must be dismissed with prejudice to being reasserted again until the conditions in Heck are met. See Cook v. City of Tyler, Tex., 978 F.3d 537, 539 (5th Cir. 2020); Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Prisoner's Civil Rights Complaint filed by Kevin Earl Scott (Docket Entry No. 1) is **DISMISSED with prejudice.**

---

[12]Scott has provided a copy of Respondent's Answer with Brief in Support in Scott v. Lumpkin, Cause No. 1:21-cv-000065-H, Exhibit N to Plaintiff's Supplemental MDS, Docket Entry No. 11, pp. 125-41.

2.   The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3.   Plaintiff's Supplemental Motion to Seal (Docket Entry No. 14) is **GRANTED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy of this Order to the Manager of Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 10th day of January, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE